INGRAM, Justice.
Union Springs Telephone Company appeals the dismissal of its interpleader action filed against Hollie T. Renfroe, J.W. Renfroe, John E. Adams, and Johnny Adams (hereinafter “the claimants”). Union Springs Telephone argues that the trial court erred in dismissing the action without determining which of the claimants was entitled to the use of a certain telephone number and without releasing Union Springs Telephone from further liability arising from the use of the telephone number; Union Springs Telephone also claims attorney fees and costs related to the inter-pleader action.
Union Springs Telephone leased a telephone number to Renfroe Pecan Company in Union Springs, operated by partners Hollie T. Renfroe and J.W. Renfroe. Ren-froe Pecan Company was dissolved and Hollie sold his interest to John E. Adams and Johnny Adams, including the disputed telephone number in the sale. A dispute arose over who had the right to use the telephone number. Union Springs Telephone filed a complaint interpleading the telephone number that previously had been leased to Renfroe Pecan Company. In its complaint, Union Springs Telephone Company stated that it was “willing to assign the said telephone number to the person or persons rightfully and lawfully entitled thereto, but [that] a controversy [had] arisen between the defendants ... as to who is entitled to receive the use of said number.” Union Springs Telephone asked the trial court to determine who was entitled to the use of the telephone number, to release Union Springs Telephone from liability with respect to the use of the telephone number, and to award it attorney fees and costs.
The defendants filed a joint motion to dismiss, stating that they had resolved the controversy regarding the use of the telephone number; the trial court dismissed the interpleader action as moot. Union Springs Telephone appeals.
Union Springs Telephone argues that the trial court erred in dismissing the action without resolving who was entitled to the use of the telephone number. However, the joint motion to dismiss states, in part, “John E. Adams hereby assumes all rights and responsibility with respect to [the] Union Springs Telephone Company telephone number,” and also, “[J.W.] Ren-froe, Jr., and Renfroe Pecan Company_ hereby relinquish all rights and are hereby released from all obligations relating to *651 [the] Union Springs Telephone Company telephone number.” Therefore, the trial court was not required to determine which of the claimants was entitled to the use of the telephone number, because this issue was mooted by the settlement of the claimants.
Union Springs Telephone also argues that the trial court erred in failing to release it from further liability with regard to the use of the telephone number. Again, we note that the joint motion to dismiss specifically states that John E. Adams is entitled to the use of the number and that the opposing claimant, J.W. Ren-froe, relinquished all rights relating to the telephone number. Therefore, as to the claimants’ dispute regarding who has the right to use the telephone number, the joint motion to dismiss had the effect of deciding this issue and thus releasing Union Springs Telephone Company from further liability regarding use of the disputed telephone number as between the claimants.
Finally, Union Springs Telephone argues that the trial court erred in dismissing its interpleader action without awarding attorney fees and costs. Rule 22, Ala. R.Civ.P., states that “the court may allow one or more of the parties a reasonable sum or sums for counsel fees and disbursements payable out of said fund or property.” In this case, the “property” that was interpleaded was the right to use the telephone number; therefore, no money or tangible property was received by the trial court. Youngblood v. Bailey, 459 So.2d 855, 861 (Ala.1984) (attorney fees paid from common fund or property). For this reason and because the action was ultimately dismissed when the claimants settled their dispute, we conclude that the trial court did not abuse its discretion in dismissing this action and denying Union Springs Telephone’s request for attorney fees.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.